# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SALSMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CAUSE NO. 06-CV-645-WDS |
| UNITED STATES BUREAU OF PRISONS and UNITED STATES OF AMERICA, | ) ) ) ) ) |
| Defendants. | ) |

# O R D E R

**STIEHL, District Judge:**

Before the Court is the defendants' motion to dismiss plaintiff's amended complaint (Doc. 24), to which the plaintiff has not filed a response.

The plaintiff previously filed essentially the same action in this Court, *see Salsman v. United States*, No. 03-140-MJR. That complaint, like the one currently before the Court, alleged that in 1999 the defendants, the United States Bureau of Prisons and the United States, negligently diagnosed and treated his sinus infection while the plaintiff was incarcerated at FCI Greenville, resulting in injuries to plaintiff. Judge Reagan dismissed plaintiff's 2003 action on the grounds that the plaintiff had failed to flied an affidavit under 735 ILCS 5/2-622, which is required to support a medical malpractice claim. (03-140, Doc. 65). Plaintiff's complaint was dismissed by Judge Reagan without prejudice in that case. Plaintiff did not seek leave to file a subsequent complaint nor did he appeal the Court's order of dismissal. Plaintiff filed this action in 2006, again alleging in his amended complaint (06-645, Doc. 6) that in 1999, while incarcerated at FCI Greenville, the defendants, the United States Bureau of Prisons and the United States, failed to properly diagnose and treat his sinus infection, leading to his injury, including

vision loss in his right eye.

The government seeks dismissal on the grounds that the current cause of action under the Federal Tort Claims Act is outside the statute of limitations. The FTCA imposes a two-year statute of limitations to file administrative claims, and, thereafter, a six-month period in which to file a cause of action if the claim is denied. 28 U.S.C. § 2401(b). In this case, plaintiff's administrative claim was denied on August 29, 2002. This action was not commenced until August of 2006, nearly four years after the denial of the administrative law claim. The Court notes that this is a newly filed cause of action, not an amendment to the case which was dismissed by Judge Reagan. Therefore, the Court **FINDS** that plaintiff's current cause of action is time barred and **GRANTS** the defendants' motion to dismiss.

This cause of action is **DISMISSED** for want of jurisdiction based upon plaintiff's failure to file within the applicable statute of limitations. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** August 20, 2008.

                                                s/ WILLIAM D. STIEHL
                                                  **DISTRICT JUDGE**